UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | No. 3:23-CR-0180 |
| | § | |
| MALIK KHAWAR IQBAL AWAN | § | |

## FACTUAL RESUME

In support of Malik Awan's guilty plea to Count One of the Indictment, charging a violation of 18 U.S.C. § 1001, Awan and his attorney, Katherine L. Reed, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

Count One charges a violation of 18 U.S.C. § 1001, False Statements to Federal Agencies and Agents. The elements of this offense are as follows:[1]

*First*: That the defendant made a false statement to the Diplomatic Security Service regarding a matter within its jurisdiction;

*Second*: That the defendant made the statement knowing that it was false;

*Third*: That the statement was material; and

*Fourth*: That the defendant made the false statement willfully for the purpose of misleading the Diplomatic Security Service.

## PUNISHMENT FOR THE OFFENSE

The maximum penalties this Court can impose for Count One include:

a. a term of imprisonment not to exceed 5 years;

b. a fine not to exceed $250,000;

---

[1] *See* Pattern Crim. Jury Instr. 5th Cir. 2.45 (2019).

1

c. a term of supervised release not to exceed 3 years;

d. a mandatory special assessment of $100;

e. restitution to the victims or to the community, which the Court may order under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

## SENTENCING IN THIS CASE

Awan has discussed the federal sentencing guidelines with his counsel, including the potential guideline range in his case. He understands that these conversations were only about potential punishments and not a guarantee of what the punishment will be. Awan understands that only the Court will make the decision regarding punishment at the sentencing hearing after the Court has heard all the evidence and arguments in his case. He further understands that the sentence in this case will be imposed by the Court after considering the applicable statutes, the sentencing guidelines, and the factors included in 18 U.S.C. § 3553(a).

Awan understands, however, that neither the sentencing guidelines nor the factors listed in 18 U.S.C. § 3553(a) are binding, and the Court may exercise its discretion and sentence Awan to the statutory maximum penalties if that is a reasonable sentence. Awan understands that if the Court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence if the sentence is within the statutory maximum punishment. Awan further understands that Congress has abolished parole, so if the Court sentences Awan to a term of imprisonment, he understands that he will not be released on parole.

Awan understands that convictions for the above-described offenses are felony convictions and that these felony convictions may deprive him of important constitutional and

civil rights including: the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

## IMMIGRATION CONSEQUENCES

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

## WAIVER OF RIGHTS

Awan understands that he has the following constitutional rights:

a. the right to plead not guilty to the charged offense;

b. the right to have a speedy trial by a jury in this district;

c. the right to have his guilt proven beyond a reasonable doubt;

d. the right to confront and cross-examine witnesses and to call and subpoena witnesses material to his defense;

e. the right to not be compelled to incriminate himself.

Awan waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging him with a violation of 18 U.S.C. § 1001. Awan understands the elements

3

of the offense to which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## STIPULATED FACTS

Awan admits that on or about April 13, 2023, in the Dallas Division of the Northern District of Texas, he knowingly and willfully made a materially false statement and representation to the Diplomatic Security Service in a matter within the jurisdiction of the executive branch of the government. Specifically, during the execution of a federal search warrant for items that included Awan's electronic devices, when a federal law enforcement officer asked Awan what was in his office, Awan responded, "nothing," which was false. Awan knew that items, including electronic devices, were in his office.

## GUILTY PLEA

Awan has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offenses, the statutory penalties, the sentencing guidelines, and 18 U.S.C. § 3553(a) with his counsel. Awan has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document. Awan concedes that he is guilty of Counts One of the Indictment, and he concludes that it is in his best interest to plead guilty instead of going to trial. Awan knowingly and voluntarily enters this guilty plea.

## RESTITUTION

Pursuant to 18 U.S.C. § 3663(a)(1)(A), Awan agrees to pay restitution for losses resulting from all of Awan's criminal conduct, including all relevant conduct and other criminal conduct related or similar to his offense of conviction, as determined by the Court.

## APPELLATE RIGHTS

Awan understands that he has retained all other rights to appeal in this case and

understands that he has the right to file a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit if he chooses. Awan understands that if he chooses to appeal his conviction or sentence, he will have to file a notice of appeal within 14 days of the date that the judgment in his case is filed. An appellate attorney may be appointed by the Court to represent Awan at no cost to him if the Court finds that he is entitled to such appointed appellate attorney. Awan acknowledges that if he desires to appeal, he shall either: (1) notify his attorney in writing of his desire to appeal within 14 days so that his attorney may file the required Notice of Appeal; or (2) personally write to the United States Clerk for the Northern District of Texas at the Office of the United States District Clerk, Northern District of Texas, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242, and request that the Clerk file a notice of appeal.

**AGREED TO AND SIGNED:**

_____      _07-24-2023_
MALIK AWAN                     DATE

_____      _8/3/23_
KATHERINE L. REED         DATE
*Attorney for Malik Awan*